645 S.E.2d 251

**In the Matter of Drew K. KAPUR, Respondent.**

**No. 26324.**

Supreme Court of South Carolina.

Submitted April 10, 2007.

Decided May 7, 2007.

Henry B. Richardson, Jr., Disciplinary Counsel, of Columbia, for the Office of Disciplinary Counsel.

Drew K. Kapur, of Philadelphia, Pennsylvania, pro se.

PER CURIAM.

This attorney disciplinary matter is before the Court pursuant to the reciprocal disciplinary provisions of Rule 29, RLDE, Rule 413, SCACR. The facts are set forth below.

Respondent is licensed to practice law in South Carolina and New Jersey. On April 24, 2006, respondent pled guilty in New Jersey to the disorderly persons offense of volunteering false information to a law enforcement officer for the purpose of hindering the apprehension, prosecution, conviction, or punishment of another for an offense.[1] Respondent was sentenced to payment of a fine, along with court costs and penalties. By order dated January 10, 2007, the Supreme

---

1. On October 16, 2005, respondent's son was involved in a single vehicle accident. Respondent told police that he was the driver of the vehicle even though he had not even been present when the accident occurred. On February 1, 2006, respondent informed the prosecutor and law enforcement that his son had been the driver of the vehicle.

Court of New Jersey censured respondent for violation of that court's Rules of Professional Conduct.

Pursuant to Rule 29(b), RLDE, the Clerk provided the Office of Disciplinary Counsel (ODC) and respondent with thirty (30) days in which to inform the Court of any reason why the imposition of identical discipline was not warranted. ODC filed a response stating that a public reprimand is the sanction most similar to a censure under the New Jersey Disciplinary Rules. Accordingly, ODC recommended the Court impose a public reprimand in this matter. Respondent filed a response stating he waived his right to object to the imposition of identical discipline.

After thorough review of the record, we hereby find that respondent's misconduct warrants issuance of a public reprimand. Accordingly, we publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur.

WALLER, J., not participating.